### NO. 413

No. 18740—The Ohio Bell Telephone Company v. The Watson Company. Error to the Court of Appeals of Trumbull County.

607. HIGHWAYS—1. Fee of in country roads is in abutting owner. If title extends to center of, he has property right in shade trees, not to be interfered with unless by his consent or by first making compensation.

2. Owner entitled to compensation for telephone poles and wires within a county highway —when erected without his consent, injunction will lie for removal unless consent secured or compensation made.

DAY, J.

1. In this state the fee to the county highway is in the abutting owner and the public has only the right of improvement thereoi and uninterrupted travel thereover.

2. An owner of land abutting upon a country highway, whose title extends to the center of the road along the side of which are located shade trees, has a property right in such trees and the same may not be interfered with unless by consent of such owner or first making compensation according to law. (Daily v. State, 51) Ohio St., 384, followed and approved.

3. The erection and maintenance of telephone poles and wires within the limits of a country highaway, is an additional burden upon the easement and an invasion of the property rights of the abutting owner, for which he is entitled to compensation.

4. Where along a rural highway a telephone company has erected poles, done necessary cutting and trimming of a shade tree to permit the placing of telephone cables on said poles, such construction, however, not interfering with the access, light and air of the adjoining owner, but being without the consent and against the protest of such owner, an injunction will be granted at his instance restraining the further construction of such telephone line and requiring the removal of the poles and cables already in place, unless compensation shall be made to such owner or his consent obtained.

Judgment affirmed.

Matthias, Allen and Kinkade, JJ. concur.

Marshall, C. J., concurs in proposition 2 of the syllabus and in the judgment.

Jones and Robinson, JJ., concur in proposition 2 of the syllabus and favor modification of the judgment.